Garcia v. Freeport-McMoRan Oil & Gas LLC

# EXHIBIT A

# TO THE NOTICE OF REMOVAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
4/1/2016 9:52:27 AM
By: Narzralli Baksh, Deputy

**NOTICE TO DEFENDANT:** FREEPORT-MCMORAN OIL & GAS LLC, a Delaware limited liability corporation, and DOES 1 through 100, inclusive
***(AVISO AL DEMANDADO):***

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID A. GARCIA, an individual, for himself and those similarly situated
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Barbara County Superior Court
1100 Anacapa St.
P.O. Box 21107, Santa Barbara, CA 93121
Santa Barbara, CA 93101

CASE NUMBER: *(Número del Caso):* 16CV01305

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony R. Strauss, SBN 72842
STRAUSS LAW GROUP, APC
121 N. Fir St., Ste. F
Ventura, CA 93001

DATE: *(Fecha)* 4/1/2016 Clerk, by *(Secretario)* /s/ Narzralli Baksh, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT SANTA BARBARA CO. CA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Freeport-McMoran Oil & Gas LLC, a Delaware limited liability corporation

   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Anthony R. Strauss (State Bar No. 72842)
ars@strausslawgroup.com
Aris E. Karakalos (State Bar No. 240802)
aek@strausslawgroup.com
**STRAUSS LAW GROUP, APC**
121 N. Fir St., Suite F
Ventura, California 93001
Telephone: (805) 641.9992
Facsimile: (805) 641.9993

Paul R. Huff (State Bar No. 211358)
phuff@nielsonhuff.com
**NIELSON | HUFF LLP**
845 E. Santa Clara Street
Ventura, California 93001
Telephone: (805) 658-0977
Facsimile: (805) 641-1771

Attorneys for Plaintiff David A. Garcia and the Putative Class

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
5/9/2016 11:39:07 AM
By: Terri Chavez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

DAVID A. GARCIA, an individual, for himself and those similarly situated,

Plaintiff,

v.

FREEPORT-MCMORAN OIL & GAS LLC, a Delaware limited liability corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. 16CV01305

CLASS ACTION

**FIRST AMENDED COMPLAINT FOR:**

1) **MINIMUM WAGE VIOLATIONS;**
2) **UNFAIR COMPETITION;**
3) **FAILURE TO TIMELY PAY FINAL WAGES;**
4) **FAILURE TO PROVIDE LAWFUL MEAL PERIODS;**
5) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES; and**
6) **PAY STUB VIOLATIONS**
7) **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004**

*Complaint filed: April 1, 2016*

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COMES NOW, Plaintiff David A. Garcia ("Plaintiff") and the putative class, and he hereby submits the following First Amended Complaint against Freeport-McMoran Oil & Gas LLC and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned Plaintiff David A. Garcia was an employee of Defendants, working off of the coast of the State of California, within the County of Santa Barbara, within the last four (4) years.

2. At all times herein mentioned and relevant, Plaintiff was and is an individual residing in the State of California, in the County of Ventura.

3. At all times herein mentioned, Plaintiff is informed and believes and, based on such information and belief, thereon alleges that Freeport-McMoran Oil & Gas LLC, is a Delaware corporation that does business and maintains an office in the County of Santa Barbara, California, located at 201 Broadway St., Orcutt, California 93455.

4. Plaintiff is informed and believes and, based on such information and belief, thereon alleges that Freeport-McMoran Oil & Gas LLC is the successor in interest to Plains Exploration and Production Company, L.P., a California limited partnership, which previously conducted business and maintained an office in the County of Santa Barbara, located at 201 Broadway St., Orcutt, California 93455.

5. *Labor Code* section 558.1 provides that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,1193.6, 1194, or 2802, may be held liable as the employer for such violation ... For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent"

has the same meaning as in subdivision (b) of Section 3294 of the *Civil Code*." It is currently unknown who meets the criteria specified in *Labor Code* § 558.1 so as to be individually liable for the wage and hour violations asserted in this Complaint, but Plaintiff reserves the right to amend this complaint to add any such individuals as Doe defendants once they have been ascertained.

6. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sue these defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

7. Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

## VENUE AND JURISDICTION

8. Venue is appropriate in the Santa Barbara County Superior Court because, on information and belief, Defendant maintains an office and conducts business within the State within said County. The unlawful employment practices complained of herein occurred within the State within said County as well as on oil platforms located off the shores of California in said County.

9. Further, it is alleged that the unlawful employment practices complained of herein were authorized, approved or otherwise ratified by Defendants within Santa Barbara County, California.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings the causes of action stated herein on his own behalf and on behalf of all persons similarly situated. The class consists of all hourly and otherwise non-exempt employees of Defendants, who, at any time within four years from the date of filing of this lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more (hereinafter the "Putative Class"). The Putative Class represents over 25 persons and is

so numerous that the joinder of each member of the putative class is impracticable.

11. There is a well-defined community of interest in the questions of law and fact affecting the class Plaintiff represents. The Putative Class members' claims against Defendants involve questions of common or general interest, in that each was employed by Defendants, and each was not paid wages owed based on the same failure to compensate for all hours during which they were subject to the control of Defendants, including hours in excess of their scheduled shifts and during meal periods. These questions are such that proof of a state of facts common to the members of the Putative Class will entitle each member to the relief requested in this complaint.

12. The members of the Putative Class that Plaintiff represents have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiff is informed and believes, and on such information and belief alleges, that the damage to each member of the Putative Class may be relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

13. Plaintiff will fairly and adequately represent the interest of the Putative Class, because Plaintiff is a member of the Putative Class, and Plaintiff's claims are typical of those in the Putative Class.

14. Plaintiff was employed by Defendants during the four years preceding the filing of the Complaint, up to approximately December 2015. Plaintiff was paid hourly.

15. During the employment with Defendants, Plaintiff sometimes worked on an oil platform (or platforms) in the California coastal waters, performing non-exempt work.

16. During the employment with Defendants, Plaintiff sometimes worked onshore in California, performing non-exempt work.

17. During the employment with Defendants, Plaintiff's offshore shifts typically lasted seven days. He typically received pay for only 12 hours each day while on the oil platforms, plus 4 hours of overtime as pay for the remaining 12 hours of the day. He did not receive compensation for all hours worked on the platform each day. He could not reasonably leave the platform during his seven-day shift.

**FIRST CAUSE OF ACTION**

***Minimum Wage Violations***

**(Action Brought By Plaintiff On Behalf Of Himself**

**And The Putative Class Against All Defendants)**

18. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

19. Plaintiff and the Putative Class regularly worked hours for which they were not paid the minimum wage. Defendants' minimum wage violations include, but are not limited to, the failure to pay any wages whatsoever to Plaintiff and the Putative Class for all hours worked each workday.

20. Plaintiff seeks such minimum wages owed to him and the Putative Class for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

21. The exact amount of minimum wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of minimum wages owed.

22. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in [section 3289(b)] of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiff seeks such interest on all minimum wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

23. Plaintiff seeks liquidated damages in an amount equal to the minimum wages due to him and the Putative Class under Labor Code section 1194.2.

24. Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.

//

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For minimum wages owed according to proof;

2. For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For liquidated damages in an amount equal to the unpaid minimum wages owed under Labor Code section 1194.2;

4. For attorney's fees and costs pursuant to Labor Code section 1194;

5. For costs of suit; and

6. For any other and further relief that the Court considers just and proper.

**SECOND CAUSE OF ACTION**

***Unfair Competition***

**(Action Brought By Plaintiff On Behalf Of Himself And The Putative Class Against All Defendants)**

25. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

26. This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. App. 4th 163 (2000).

27. It is alleged that Defendants have willfully failed to pay Plaintiff and the Putative Class, the state-mandated minimum, overtime, doubletime, and meal period premium wages for all hours worked. The failure to pay such wages constitutes an unfair business practice under California Business and Professions Code section 17200.

28. As a result of the conduct of Defendants, Defendants profited from breaking the law. Plaintiff and the Putative Class seek disgorgement of this unlawfully obtained benefit (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

29. California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

30. As a result of the alleged aforesaid actions, Plaintiff and the Putative Class have suffered injury in fact and have lost money as a result of such unfair competition.

31. In this case, it is requested that this Court order such restitution.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For an equitable order, ordering Defendants to pay all Putative Class members all wages, interest, and penalties they are owed;

2. For an appointment of a receiver to perform an accounting of all monies owed to these employees;

3. For any and all injunctive relief this Court deems necessary pursuant to Business and Professions Code section 17203;

4. For attorneys' fees and costs, pursuant to law;

5. For prejudgment interest on all amounts owed pursuant to Civil Code sections 3288 and 3291; and

6. For any other and further relief that the Court considers proper.

## THIRD CAUSE OF ACTION

***Failure To Timely Pay Wages At Termination***

**(Action Brought By Plaintiff On Behalf Of Himself And The Putative Class Against All Defendants)**

32. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

33. Labor Code section 201 provides, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 provides generally that wages earned and unpaid at the time of an employee's resignation must be paid within 72 hours thereof, unless the employee gives notices of greater than 72 hours of his intent to resign, in which case the employee's final wages must be paid on the employee's last day of work. Lab. Code § 202. Defendants did not pay immediately all wages earned and unpaid to Plaintiff and the Putative Class upon discharge or resignation. Defendants have refused and continue to refuse to pay said wages.

34. Pursuant to Labor Code section 203, Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201 and 202 all of the minimum, overtime, meal period, and doubletime wages of the Plaintiff and the Putative Class, as herein alleged. Defendants are aware that they owe the wages claimed by Plaintiff and the Putative Class, yet Defendants willfully failed to make payment. As a result, Plaintiff seeks wages and waiting-time penalties pursuant to Labor Code section 203 on behalf of himself and the Putative Class. These penalties consist of up to 30 days of pay for Plaintiff and the Putative Class at their regular rates of pay.

35. Plaintiff and the Putative Class have been available and ready to receive wages owed to them.

36. Plaintiff and the Putative Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

37. Defendants' failure to pay wages due and owing Plaintiff and the Putative Class,

as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owning Plaintiff and the Putative Class.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For waiting-time penalties under Labor Code section 203;
2. For costs of suit; and
3. For any other and further relief that the Court considers just and proper.

**FOURTH CAUSE OF ACTION**

***Failure To Provide Lawful Meal Periods***

**(Action Brought By Plaintiff On Behalf Of Himself And The Putative Class Against All Defendants)**

38. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

39. California law provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes. Lab. Code §§ 226.7, 512, 8 Cal. Code Regs. § 11160, subd. 10.

40. If an employer fails to provide an employee a legally mandated meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each five hours of work that the meal period is not provided. Lab. Code § 226.7.

41. Defendants have intentionally and improperly denied meal periods to Plaintiff and the Putative Class in violation of Labor Code sections 226.7 and 512 and 8 Cal. Code Regs. § 11160, subd. 10.

42. At all times relevant hereto, Plaintiff and the other members of the Putative Class have worked more than five hours in a workday (and often more than ten, fifteen hours, and twenty hours). At all relevant times hereto, Defendants have failed to provide meal periods for every five-hour work period as required by California law.

43. Plaintiff and the other members of the Putative Class are informed and believe, and based upon that information and belief allege, that Defendants know or should have known that Plaintiff and the Putative Class were entitled to meal periods but purposely elected not to provide these mandated periods.

44. Plaintiff seeks meal period premium wages owed to him and the Putative Class for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

45. The exact amount of meal period premium wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of meal period premium wages owed.

46. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiff seeks such interest on all meal period premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For meal period premiums in an amount according to proof;
2. For costs of suit; and
3. For any other and further relief that the Court considers just and proper.

**FIFTH CAUSE OF ACTION**

***Failure To Pay Overtime And Doubletime Premium Wages***

**(Action Brought By Plaintiff On Behalf Of Himself And the Putative Class Against All Defendants)**

47. Plaintiff incorporates by reference and re-alleges each and every one of the

allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

48. California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. Lab. Code § 510; 8 Cal. Code Regs. § 11160, subd. 3(A). It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. Lab. Code § 510; 8 Cal. Code Regs. § 11160, subd. 3(A).

49. Plaintiff and the Putative Class regularly worked hours for which they were not paid the overtime or doubletime premium wages. Defendants' overtime and doubletime wage violations include, but are not limited to, the failure to pay any wages whatsoever to Plaintiff and the Putative Class for several hours each workday, which time lawfully was considered overtime and/or doubletime hours worked, or for doubletime hours worked on the final working day of each seven- or fourteen-day "hitch."

50. Plaintiff and the Putative Class seek such overtime and doubletime premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

51. The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of overtime and doubletime premium wages owed.

52. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiff seeks such interest on all overtime and doubletime premium wages owed to them for the statutory period measured backward from the date of the filing of

the initial Complaint in this matter.

53. Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For overtime and doubletime premium wages owed according to proof;

2. For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For attorney's fees and costs pursuant to Labor Code section 1194;

4. For costs of suit; and

5. For any other and further relief that the Court considers just and proper.

**SIXTH CAUSE OF ACTION**

***Pay Stub Violations***

**(Action Brought By Plaintiff On Behalf Of Himself And the Putative Class Against All Defendants)**

54. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

55. California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number,

(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

56. In this case, Defendants have failed to provide such wage deduction statements to Plaintiffs and the Putative Class in that their wage deduction statements do not include, without limitation, their gross wages earned, all hours worked, net wages earned, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

57. Pursuant to Labor Code section 226(e), damages are appropriate. At this time, Plaintiffs believe and allege that they and the Putative Class are owed the maximum allowable penalty under section 226(e) because Defendants failed to provide adequate paycheck stubs.

58. However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of damages under Labor Code section 226(e).

59. Pursuant to Labor Code section 226(e), Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred by Plaintiffs in this action.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For statutory penalties, pursuant to law;
2. For reasonable attorneys' fees pursuant Labor Code section 226;
3. For costs of suit; and
4. For any other and further relief that the Court considers just and proper.

**SEVENTH CAUSE OF ACTION**

***Civil Penalties Under The Private Attorneys General Act Of 2004***

**(Action Brought By Plaintiff On Behalf Of Himself**

**And the Putative Class Against All Defendants)**

60. Plaintiff incorporates by reference and re-alleges each and every one of the