allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

61. It is alleged that Defendants intentionally denied Plaintiff and his similarly situated co-workers wages that should have been paid and have violated Labor Code provisions.

62. Pursuant to Labor Code sections 2698 et seq., Plaintiff is entitled to recover civil penalties on behalf of himself and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed. Plaintiff is therefore pursuing civil penalties for violations of the Labor Code sections set forth herein.

63. One or more of the alleged violations set forth herein was committed against Plaintiff, and Plaintiff is therefore an "aggrieved employee" under Labor Code Section 2699(c), which provides in relevant part, "(c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

64. Labor Code section 200 defines "wages" as including all amounts for labor performed by employers of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

65. Labor Code section 201 requires immediate payment of all wages owed at the termination of employment. It is alleged that within the last year, Defendants' employees in California have been terminated and have not received all wages owed at their termination. There is no civil penalty associated with violation of section 201, but Plaintiff seeks civil penalties on behalf of himself and all others similarly situated under Labor Code section 2699, subd. (f).

66. Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72-hours' notice, in which case wages are owed at the employee's resignation. It is alleged that within the last year, Defendants' employees in California have resigned and have not received all overtime premium pay owed in a timely fashion after their resignation. There is no civil penalty

associated with violation of section 202, but Plaintiff seeks civil penalties on behalf of himself and all others similarly situated under Labor Code section 2699, subd. (f).

67. Labor Code section 204 makes wages due no less frequently than twice a month for non-exempt employees for work performed each pay period. Defendants have violated section 204 with respect to Plaintiff and his similarly situated coworkers by not paying them all wages due for work performed each pay period. Plaintiff seeks civil penalties on behalf of himself and all other similarly situated under Labor Code section 210.

68. Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Defendants will argue that these employees agreed to forfeit their travel time and/or other wages, Defendants will have violated Labor Code section 219. There is no civil penalty associated with violation of section 219, but Plaintiff seeks civil penalties on behalf of himself and all others similarly situated under Labor Code section 2699, subd. (f).

69. Labor Code section 226, subdivision (a), requires a California employer to include very specific information on an employee's paycheck stub. The required information includes the total number of overtime hours worked and the correct rates of pay. Lab. Code § 226(a). Subdivision (e) sets forth statutory penalties for the violation of section 226(a). Plaintiff seeks to recover said penalties on behalf of himself and all others similarly situated.

70. Labor Code section 226.3 sets forth civil penalties for violation of section 226, subdivision (a). Plaintiff seeks said penalties against Defendants on behalf of himself and all other similarly situated employees for violation of section 226, subdivision (a).

71. Labor Code section 226.7 provides that an employer must compensate a non-exempt employee with one hour of pay for each required meal period that it does not provide. Defendants violated this statute by not paying this meal period premium pay to Plaintiff and his co-workers when they were not provided with 30-minute, off-duty meal periods.

72. Labor Code section 510 provides that an employer shall pay overtime premium wages to non-exempt employees who work over eight hours in a workday or over 40 hours in a workweek. Defendants violated Labor Code section 510 by not paying overtime premium

wages to non-exempt employees who worked over eight hours in a day and Labor Code section 510.

73. Labor Code section 512 provides that an employer shall provide its non-exempt employees with one off-duty meal period for each five-hour work period. Defendants violated Labor Code section 512 by not providing off-duty meal periods to its non-exempt employees for every five-hour work period.

74. Labor Code section 558 provides for civil penalties against an employer who violates sections 510 and 512. Plaintiff seeks said penalties against Defendants on behalf of himself and all other similarly situated employees for violation of sections 510 and 512.

75. Labor Code section 1197 requires that employers may not pay less than the mandated minimum wage. Defendants violated section 1197 by not paying Plaintiff and his similarly situated coworkers at least the minimum wage for all hours worked. The civil penalty for violations of section 1197 is enumerated in Labor Code section 1197.1. Plaintiff seeks said penalties against Defendants on behalf of himself and all other similarly situated employees for violations of section 1197.

76. Plaintiff also seeks any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint.

77. Plaintiff has fully complied with the statutory requirements of Labor Code section 2699.3. Plaintiff gave notice by a letter (and email to paga@dir.ca.gov) dated March 30, 2016 and by certified mail to the California Labor and Workforce Development Agency ("LWDA") postmarked April 1, 2016, and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. More than 33 days have passed since the abovementioned letter was sent via certified mail to the LWDA, as described in Labor Code section 2699.3(2)(A). Plaintiff has not yet received notice from the LWDA indicating its intent to either pursue or not pursue an investigation or action for penalties against Defendants. Plaintiff therefore amends to add this claim.

78. Defendants' failure to pay wages due and owing to Plaintiff and those similarly

situated, as indicated in prior paragraphs, was willful. Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiff and his similarly situated employees. Further, Defendants have not taken any actions to "cure" the Labor Code violations pursuant to California Labor Code section 2699 et seq.

79. By failing to pay Plaintiff and the current and past aggrieved employees, Defendants have violated numerous California Labor Code provisions, all as set forth hereinabove. Civil penalties are therefore appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. For civil penalties for each aggrieved employee, for each violation alleged aforesaid, to be distributed in accordance with Labor Code section 2699;
2. For attorneys' fees and costs pursuant to Labor Code section 2699(g);
3. For any other and further relief that the Court considers just and proper.

DATED: May 9, 2016                                                  **STRAUSS LAW GROUP, APC**

By: ___/S/___
Aris E. Karakalos
Attorneys for Plaintiff and
the Putative Class

17

**FIRST AMENDED COMPLAINT**